700 N.W.2d 359 (2005)
473 Mich. 852
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Clarence William MORROW, Defendant-Appellant.
Docket No. 127705. COA No. 258166.
Supreme Court of Michigan.
July 8, 2005.
On order of the Court, the application for leave to appeal the November 4, 2004 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I believe that the search and seizure issue raised in this case deserves more careful consideration. Therefore, I would grant leave to appeal.
Defendant was arrested in a hotel room and charged with resisting arrest. His rented car was parked in the hotel's parking lot. After arresting defendant, the police apparently approached the hotel manager and asked if he wanted to have the car removed from the lot. The manager indicated that he wished the car removed. The police searched the vehicle, then towed it away. Inside it, they found crack cocaine. Defendant was charged with possession with intent to deliver less *360 than fifty grams of cocaine. He entered a guilty plea, conditioned on bringing this appeal.
Defendant argues that the removal of his car from the parking lot was unnecessary and was undertaken merely as a pretext to search it for evidence to be used against him. He may be correct. The automobile was not involved in the initial alleged crime or in the arrest. Defendant did not consent to have it searched. The police apparently suggested to the manager that he request its removal. There is no evidence that the manager or the police allowed, or even asked, defendant to make other arrangements to move the vehicle.
Under these circumstances, it seems that the search may have been unwarranted. An unjustified and random police search violates the protections of the Fourth Amendment. See Mozzetti v. Superior Court of Sacramento Co., 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971). I would grant leave to appeal to determine whether the police were acting within the bounds of their authority in procuring the evidence used against defendant.